UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>  v.<br><br>ERIC ACHENBACH,<br>    Defendant. | Docket No. 5:10-cr-39 |

### DEFENDANT'S MOTION FOR CLARIFICATION OF CONDITIONS OF SUPERVISED RELEASE

Defendant Eric Achenbach, by and through his attorneys Langrock Sperry & Wool, LLP, hereby moves this honorable court for clarification of the conditions of his supervised release, as set forth below:

Defendant was sentenced in the instant matter on December 28, 2011, and a term of lifetime supervised release imposed. Condition b of the "Additional Supervised Release Terms" provides as follows:

> b. The defendant shall participate in an approved program of sex offender evaluation and treatment, *which may include* polygraph and plethysmograph examinations, as directed by the probation officer. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision…"

Judgment, Additional Supervised Release Terms (emphasis added). Defendant finished serving a sentence of incarceration in 2017 and has successfully completed sex offender evaluation and treatment.

Despite what appears to be the plain language of Condition b, however, the United States Probation Office asserts that the Defendant is required to continue undergoing polygraph examinations even in the absence of any "approved program of sex offender evaluation and treatment." The Probation Office has scheduled a polygraph examination for

1

Monday, September 26, 2022, and has advised the Defendant that it will consider him to be in violation of his conditions if he does not submit to the examination at that time.

Defendant does not wish to violate his conditions of supervision, but also does not wish to undergo intrusive and uncomfortable testing which he is not required by law to do. Defendant suffers from post-traumatic stress disorder, and the examinations have triggered intrusive and unpleasant symptoms in the past.

A good-faith dispute exists between Defendant and the United States Probation Office regarding the meaning of Condition b and whether it requires Defendant to undergo ongoing polygraph examinations in the absence of sex offender treatment and evaluation. Defendant contends that the only polygraphs Probation is authorized to demand are those administered as part of an "approved program of sex offender evaluation and treatment." There is no standalone requirement that Defendant undergo polygraph examinations at the discretion of the probation officer. Having successfully completed treatment, Defendant can no longer be required to submit to polygraphs.

WHEREFORE Defendant respectfully requests that this honorable court clarify whether the existing terms of supervised release require him to undergo polygraph examinations outside of a course of approved sex offender evaluation and treatment.

DATED at Burlington, Vermont this 23rd day of September, 2022.

LANGROCK SPERRY & WOOL, LLP

_____
Lisa B. Shelkrot
PO Box 721, 210 College Street
Burlington, VT 05402
lshelkrot@langrock.com
Phone: (802) 864-0217

Attorneys for Defendant Eric Achenbach

1540977.1