UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ERIC ACHENBACH,<br>    Defendant. | )<br>)<br>)<br>)    Docket No. 5:10-CR-39<br>)<br>)<br>) |

**GOVERNMENT'S RESPONSE TO DEFENSE MOTION FOR CLARIFICATION OF CONDITIONS OF SUPERVISED RELEASE**

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, hereby responds to defendant Eric Achenbach's Motion for Clarification of Conditions of Supervised Release (the Motion). Because the challenged supervision condition provides the Probation office with a valuable tool to assess Achenbach's on-going compliance with supervision, as well as providing support to any sex offender treatment, the government asks the Court to maintain the current terms and allow the Probation Office to use polygraph examinations to assess Achenbach's progress and need for treatment, and compliance with his supervision terms. Should the Court determine that continuing polygraph examinations are not appropriate under the condition as currently written, the government asks the Court to modify the condition to include a new provision that states:

    The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he or she is in compliance with the requirements of his or her supervision or treatment program.

    I.    ARGUMENT

On September 23, 2022, Achenbach filed the Motion seeking clarification as to whether the Probation Office may continue to use polygraph examinations as a tool of supervision under

1

his existing supervised release conditions now that he has completed a course of sex offender treatment. The existing term reads,

> The defendant shall participate in an approved program of sex offender evaluation and treatment, *which may include* polygraph and plethysmograph examinations, as directed by the probation officer. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision…"

Achenbach asks the Court to interpret this provision such that polygraph examinations may only be used during the defendant's participation in an initial approved program of sex offender treatment. Importantly, however, the provision notes that such examinations are in support of both evaluation and treatment and should be provided "as directed by the probation officer." As such, the government asserts the provision should allow on-going evaluation of Achenbach's need for treatment, and his broader compliance with his supervised release terms, through polygraph examinations.

Should the Court, however, interpret the challenged provision to exclude such testing after Achenbach's completion of a single course of sex offender treatment, the government would ask the Court to modify Achenbach's conditions to explicitly permit periodic polygraph examinations using the language set forth above.[1] As the Second Circuit has found, polygraph examinations provide the Probation Office with a valuable tool that may encourage honesty with Probation Officers and compliance with the terms of supervision. See United States v. Johnson, 446 F.3d 272, 277 (2d Cir. 2006). Polygraph examinations not only support the defendant's active participation in sex offender treatment when such treatment is ordered, they also

---

[1] The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he or she is in compliance with the requirements of his or her supervision or treatment program.

encourage the defendant to be candid throughout his course of supervision. Id. While Achenbach may dislike the testing, it provides a valuable tool to the Probation Office to ensure that he remains vigilant in his compliance with supervision and in maintaining the steps toward a productive and positive lifestyle he should have acquired during sex offender treatment.

II. CONCLUSION

For the reasons set forth above, the government asks the Court to clarify that on-going polygraph examinations are appropriate under Achenbach's existing conditions of supervised release or to modify Achenbach's conditions of supervision to provide a new term authorizing such on-going examinations.

Dated at Burlington, Vermont, this 14th day of October, 2022.

Respectfully submitted,

NIKOLAS P. KEREST
United States Attorney

By:   /s/ Eugenia A. P. Cowles
EUGENIA A. P. COWLES
BARBARA A. MASTERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402
(802) 951-6725