AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 1

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT

### District of Vermont

2022 NOV -7 PM 3: 18

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | (For **Revocation** of Probation or Supervised Release) |
| | DEPUTY CLERK |
| ERIC ACHENBACH | Case No.  5:10-cr-039-1 |
| | USM No.  07301- |
| | Lisa Shelkrot, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ admitted guilt to violation of condition(s)   Special Condition   of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 2 | Had contact with a person under 18 | 9/19/2018 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _0175_

Defendant's Year of Birth:      1949

City and State of Defendant's Residence:

_____

JUDGMENT ENTERED ON DOCKET

DATE: _____11/7/2022_____

11/07/2022

Date of Imposition of Judgment

Signature of Judge

**Christina Reiss, U.S. District Judge**

Name and Title of Judge

11/07/2022

Date

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page   2   of   5

DEFENDANT: ERIC ACHENBACH
CASE NUMBER: 5:10-cr-039-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

time served

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at   _____   ☐ a.m.   ☐ p.m.   on   _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on   _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on   _____   to   _____

at   _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT:  ERIC ACHENBACH
CASE NUMBER:  5:10-cr-039-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

the court reimposes the defendant's term of lifetime supervised release.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                    Sheet 3A — Supervised Release

Judgment—Page   4   of   5  

DEFENDANT:  ERIC ACHENBACH
CASE NUMBER:  5:10-cr-039-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature   _____   Date   _____

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3B — Supervised Release

Judgment—Page   5   of   5

DEFENDANT: ERIC ACHENBACH
CASE NUMBER: 5:10-cr-039-1

## ADDITIONAL SUPERVISED RELEASE TERMS

a. The defendant shall participate in a mental health program approved by the United States Probation Office. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

b. The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph examinations, as directed by the probation officer. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

c. The defendant shall register as a sex offender in any state where the defendant resides, is employed, performs volunteer service, carries on a vocation, or is a student, as directed by the probation officer.

d. The defendant shall provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and Internet service providers.

e. The defendant shall provide the probation officer with a complete and current inventory of the number of computers used by the defendant along with a monthly log of computer access.

f. The defendant shall not use a computer device that has Internet access until a Computer Use Plan is developed and approved by his treatment provider and/or probation officer. Such plan, at a minimum, must require the defendant to submit a monthly record of Internet use, online screen names, encryption methods, and passwords utilized by the defendant.

g. The defendant shall not access any computer that utilizes any "cleaning" or "wiping" software programs.

h. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed.

i. The defendant shall not possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. § 2256(2)(A); child pornography, as defined in 18 U.S.C. § 2256(8); or visual or text content involving minors which has sexual, prurient or violent interests as an inherent purpose.

j. The defendant shall not associate or have contact, directly or indirectly, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background, and who has been approved in advance by the probation officer. Such prohibited contact shall include the use of electronic communication, telephone or written correspondance.

k. The defendant may not use sexually oriented telephone numbers or services.

l. The defendant shall avoid and is prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, or recreation parks, unless prior approval has been obtained from the probation office.